UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

DOMINIQUE ASHBY,                          )
                                          )
         Plaintiff,                       )
                                          )
v.                                        )        Case No. 4:09CV914 HEA
                                          )
MICHAEL J. ASTRUE,                        )
Commissioner of Social Security           )
                                          )
         Defendant,                       )

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on the Report and Recommendation, of

Magistrate Judge David D. Noce, that the decision of the Commissioner be

affirmed.  Plaintiff has filed written objections to the Report and Recommendation.

When a party objects to the magistrate judge's report and recommendation, the

Court must conduct a *de novo* review of the portions of the report, findings, or

recommendations to which the party objected.  See *United States v. Lothridge*, 324

F.3d 599, 600 (8th Cir.2003) (citing 28 U.S.C. § 636(b)(1)).  Pursuant to 28 U.S.C.

§ 636, the Court will therefore conduct such a *de novo* review.

This Court's review is limited to a determination of whether the decision of

the ALJ is supported by substantial evidence in the record as a whole.  42 U.S.C. §

405(g); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir .2002).

> "Substantial evidence is less than a preponderance, but enough so that
> a reasonable mind might find it adequate to support the conclusion."
> *Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir.2001).  But "[t]he
> substantial evidence test employed in reviewing administrative

findings is more than a mere search of the record for evidence supporting the [Commissioner's] findings." *Gavin v. Heckler,* 811 F.2d 1195, 1199 (8th Cir.1987). "'Substantial evidence on the record as a whole' ... requires a more scrutinizing analysis." *Id.* (quoting *Smith v. Heckler,* 735 F.2d 312, 315 (8th Cir.1984)). In reviewing the administrative decision, "[t]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB,* 340 U.S. 474, 488, 71 S.Ct. 456, 95 L.Ed. 456 (1951), *quoted in Gavin,* 811 F.2d at 1199.

In general, the claimant bears the burden of proving his or her entitlement to disability insurance benefits under the Social Security Act. 20 C.F.R. § 404.1512(a); *Thomas v. Sullivan,* 928 F.2d 255, 260 (8th Cir.1991).

*Coleman v. Astrue* 498 F.3d 767, 770 (8th Cir. 2007). Substantial evidence is such evidence that a reasonable mind would find adequate to support a decision, considering evidence that detracts both from and evidence that supports the Commissioner's decision. *Clevenger v. Social Sec. Admin.*, 567 F.3d 971, 974 (8th Cir. 2009).

Plaintiff has filed written objections to Judge Noce's recommendation that the Commissioner's denial of his application for Disability Insurance Benefits under Title II of the Social Security Act be affirmed. Plaintiff objects to Judge Noce's findings that the Administrative Law Judge's (ALJ) use of the Medical-Vocational Guidelines and that the ALJ did not need to identify specific jobs that Plaintiff could perform was proper. Plaintiff argues that because the ALJ found that Plaintiff could not stand and walk for more than two hours in an eight hour workday for thirty minutes at one time, or sit more than six hours in an eight hour

workday without limitation, and that he could not climb ladders, ropes, scaffolds, or crawl and only occasionally stoop, kneel, crouch, or climb ramps and stairs, it is clear that the claimant cannot perform the full range of light work. The ALJ based his ultimate conclusion in part on the fact that Plaintiff's condition had improved and that the September 2008 treatment notes show Plaintiff was able to attend junior college, that his gate was normal and that he had full range of motion of his left knee. The ALJ concluded, based on the record that Plaintiff's nonexertional limitations had "little or no effect" on the occupational base of light unskilled work, and that Plaintiff's limitations had an "insignificant impact" on the sedentary and light occupational base of jobs.

The record establishes these findings. Plaintiff presented no evidence to the contrary that his condition has improved. Furthermore, Plaintiff does not dispute that his physicians advise surgery to most probably resolve Plaintiff's pain. While, as Judge Noce acknowledges, it is not appropriate to require a claimant to have surgery, where there is evidence which shows his pain may be relieved by doing so, it is proper to consider the refusal to do so. *Holley v. Massanari*, 253 F.3d 1088, 1092 (8th Cir. 2001). As Judge Noce observed, Plaintiff's credibility was diminished because the evidence showed that he did not seek orthopedic treatment between November 2007 and April 2008, he failed to keep orthopedic appointments and went for a long period of time without narcotic medication.

Judge Noce thoroughly analyzed Plaintiff's claims. The Report and

Recommendation details the law and its application to the facts contained in the administrative record. It was not improper for the ALJ to use the Guidelines to conclude that Plaintiff was not disabled nor was the ALJ required to identify specific jobs that Plaintiff could perform. The Report and Recommendation is adopted and Plaintiff's objections thereto are overruled in their entirety.

Accordingly,

**IT IS HEREBY ORDERED** that the decision of the Commission is affirmed.

A separate judgment in accordance with this Opinion, Memorandum and Order is entered this same date.

Dated this 8th day of July, 2010.

_____

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE